UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STATE OF NEW JERSEY et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 25-10139-LTS |
| DONALD J. TRUMP et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER

January 22, 2025

SOROKIN, J.

On Monday, an individual plaintiff and two nonprofit organizations located in eastern Massachusetts sued the President, the U.S. Department of State and its Secretary, and the Social Security Administration and its Acting Commissioner. See Compl., Doe v. Trump, No. 25-cv-10135 (D. Mass. Jan. 20, 2025), ECF No. 1. That lawsuit challenges the legality of an executive order issued earlier that day, entitled "Protecting the Meaning and Value of American Citizenship" ("the EO"). Id. ¶ 1; see Doe, ECF No. 1-1 (attaching the EO as Exhibit A to Complaint). In the section describing its purpose, the EO identifies two "categories of individuals born in the United States" to whom "the privilege of United States citizenship does not automatically extend." Doe, ECF No. 1-1 § 1. The EO then announces, and directs the enforcement of, "the policy of the United States that no department or agency of the United States government shall issue [or accept] documents recognizing United States citizenship" for individuals within the two identified categories "who are born within the United States after" February 19, 2025. Id. §§ 2-3.

The Doe case was randomly assigned to the undersigned through this District's general case-assignment procedure on Tuesday, January 21. Doe, ECF No. 4. Later that day, eighteen States and Commonwealths, along with the District of Columbia and the City of San Francisco, filed the above-captioned lawsuit, which challenges the same EO. This collection of plaintiffs brought their claims against the same group of defendants named in the Doe case, along with two other federal agencies, the acting leaders of those agencies, and the United States. See Doc. No. 1 at 1.[1] On the Civil Cover Sheet accompanying their Complaint, the plaintiffs marked this case "related" to the Doe case. Doc. No. 1-2 at 1. By way of explanation, the plaintiffs noted that "some of the parties are the same," and "the cases involve the same or substantially similar issues of fact and/or arise out of the same occurrence," the EO. Doc. No. 1-2 at 8. As a result, the Clerk's Office assigned the above-captioned matter directly to the undersigned. See Doc. No. 6.

The Local Rules governing practice in this District, as amended September 8, 2020, and in effect since then, provide in relevant part:

> [A] civil case shall be deemed related to another civil case only if:
>
> > (A) some or all of the parties are the same; and
> >
> > (B) one or more of the following similarities exist: (i) the cases involve the same or substantially similar issues of fact; (ii) the cases arise out of the same occurrence, transaction or property; (iii) the cases involve insurance coverage for the same property, transaction or occurrence.
>
> \*   \*   \*
>
> Civil cases, even when they involve some or all of the same parties, shall not be deemed related to each other solely on the ground that they:

---

[1] Citations to "Doc. No. __ at __" reference items filed on the electronic docket ("ECF") in the action that is the subject of this Order, using the document and page numbering appearing in the ECF header appended to the top of each page.

      (A) involve the same or substantially similar challenges to a law, regulation, or government policy or practice; or

      (B) otherwise involve a common question of law.

L.R., D. Mass. 40.1(g)(1), (3).

Because this case appears to share only "some parties" and one or more common questions of law with the Doe case, **the plaintiffs in the above-captioned matter shall show cause by Friday, January 24, 2025 at 4 PM why this case should not be returned to the Clerk for random assignment**. In the absence of a timely filing from the plaintiffs supporting the designation of relatedness within the meaning of Local Rule 40.1(g), the undersigned will direct the Clerk to randomly assign this case.[2]  See L.R., D. Mass. 40.1(g)(8).

In addition, the plaintiffs in this action have filed a motion seeking preliminary injunctive relief and, within the motion, have asked for an expedited briefing schedule. Doc. No. 3 at 2. The motion papers reflect that counsel for the plaintiffs attempted to confer with counsel for the defendants, as required by a different Local Rule, but were unable to do so by the time of filing. Id. at 8.  The plaintiffs shall confer with counsel for the defendants and file a status report setting forth the parties' joint or separate position(s) for a schedule to govern briefing and hearing on the pending motion for injunctive relief. This status report shall be filed along with the show-cause submission described above, no later than 4 PM on Friday, January 24, 2025.

                                                  SO ORDERED.

                                                  /s/ Leo T. Sorokin
                                                United States District Judge

---

[2] Such reassignment would result in the random assignment of this case to any one of my colleagues or myself, rather than direct assignment by virtue of relatedness.