UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF NEW JERSEY, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | No. 1:25-cv-10139-LTS |

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**

Under Local Rule 40.1(g)(1), civil cases "shall be deemed related to one another" if (A) "some or all of the parties are the same," and (B) the cases "involve the same or substantially similar issues of fact" or "arise out of the same occurrence, transaction or property." Both requirements are satisfied here. The Court's Order to Show Cause already acknowledges that this case meets the first criterion, because all of the defendants in the co-pending *Doe* suit are defendants in this case as well. ECF No. 26, at 2–3. As explained below, this case also meets the second criterion, because it requires the Court to resolve substantially similar issues of fact as *Doe*. The Court should therefore continue to treat the two cases as related.[1]

A comparison of the complaints in *Doe* and this case makes clear that the two suits involve "substantially similar issues of fact," L.R. 40.1(g)(1)(B), because the plaintiffs in both actions have claimed that they will be harmed based on the same facts regarding the effects of the challenged Executive Order. For example, the plaintiffs in *Doe*—many of whom (or whose members) reside in the Plaintiff States—have alleged that the order will injure them by causing certain newborns to

---

[1] Counsel for the Defendants have authorized Plaintiffs to represent that Defendants do not oppose continuing to treat the cases as related.

"lose access to crucial documents like passports and social security cards" and to "become ineligible for numerous federal benefits programs that require applicants to have citizenship or other qualifying immigration status." Compl. ¶83, *Doe v. Trump*, No. 25-cv-10135 (ECF No. 1). Plaintiffs here have likewise alleged that, by virtue of the Executive Order, they will be injured because certain newborns will no longer receive Social Security numbers, Compl., ECF No. 1, ¶¶118, 176–182, and will be barred from accessing federal benefits programs operated jointly by, and in partnership with, the Plaintiff States, *see, e.g.*, *id.* ¶¶123–148 (discussing Medicaid and CHIP); Pls.' Mem. of Law, ECF No. 5, at 4–5, 17–18 (same); *see also generally, e.g.*, Adelman Decl., ECF No. 5-2; Boyle Decl., ECF No. 5-6; Groen Decl., ECF No. 5-11; Harrington Decl., ECF No. 5-12; Armenia Decl., ECF No. 5-16; Hadler Decl., ECF No. 5-19 (same). As these allegations show, this case has more than just questions of law in common with *Doe*; it will require a factfinder to resolve substantially similar *factual* questions as *Doe*—questions that go to issues of injury, standing, and appropriate relief.

Common issues of fact also exist because, like the *Doe* plaintiffs, Plaintiffs in this case are seeking injunctive relief. *See generally* Pls.' Mem. of Law, ECF No. 5; Mem. of Law in Support of Pls.' Mot. for Prelim. Injunction, *Doe*, No. 25-cv-10135 (ECF No. 11). In ruling on any request for injunctive relief, this Court will need to consider, among other things, the federal government's interest in enforcing the Executive Order and the extent to which those purported interests outweigh the harms to the parties and the public that will flow from the order. *See Norris ex rel. A.M. v. Cape Elizabeth Sch. Dist.*, 969 F.3d 12, 22 (1st Cir. 2020) (preliminary injunction); *Esso Standard Oil Co. v. López-Freytes*, 522 F.3d 136, 148 (1st Cir. 2008) (permanent injunction). Those inquiries will not differ significantly—if at all—between the *Doe* case and this one. Indeed, part of the public interest that Plaintiffs contend would be undermined by allowing the order to

take effect is the impact it would have on individuals like the *Doe* Plaintiffs and their members residing in Plaintiffs' jurisdictions and elsewhere. Pls.' Mem. of Law, ECF No. 5, at 17–18. Defendants, for their part, will presumably advance the same alleged federal interests in both cases. Evaluating that stated interest, and balancing it against the competing harms, will require the Court to resolve the same embedded factual questions or mixed questions of law and fact—including, for example, the likelihood that the federal government's stated interests will materialize and the impact on individuals residing in Plaintiff States and elsewhere.

Prior decisions confirm that these co-pending cases are related within the meaning of the current version of Local Rule 40.1(g). For example, in *Conservation Law Foundation, Inc. v. Massachusetts Water Resource Authority*, No. 1:22-cv-10626, 2023 WL 1111135, at *3 (D. Mass. Jan. 30, 2023) (*CLF*), another session of this Court found two cases related despite a far more attenuated connection than exists here. The plaintiffs in *CLF* designated their new case as related to a long-running action against the MWRA's predecessor on the theory that the new case "similarly feature[d] a challenge to MWRA's compliance with its National Pollutant Discharge Elimination System ('NPDES') permit and the Clean Water Act ('CWA')." *Id.* at *1. The Court held that the cases were related even though the new suit involved a different permit—and "different aspects" of "MWRA's compliance"—than the earlier suit. *Id.* at *2. Focusing on the "significant overlap between the subject matter here and the factual and legal questions at the heart of the [previously-filed case]," *id.*, the Court held that the rule was satisfied.

Here, the overlap is even more substantial. The parties in *Doe* and this case not only challenge the same Executive Order on largely the same legal grounds—they also stake their claims on the same factual consequences that will flow from the order. In this way, the connection between *Doe* and this case contrasts markedly from the asserted connection in prior cases in this

3

district in which the Court concluded that "the factual disparities among the individual plaintiffs' cases" are too great to trigger Rule 40.1(g)(8). *See, e.g.*, *Ortega v. Merck & Co.*, 648 F. Supp. 3d 293, 296 (D. Mass. 2023) (emphasizing "broad differences in the time periods and frequencies during which plaintiffs were prescribed [the medication at issue] (between 2000 and 2020), (2) the intervening changes in the contents of the published warnings during that same time span, and (3) the predictable differences with respect to individual damages and causation").

As the Order to Show Cause explains, two civil cases "shall not be deemed related to each other *solely* on the ground that they" challenge the same government action or involve common questions of law. L.R. 40.1(g)(3) (emphasis added); *see* ECF No. 26, at 2–3. Here, for the reasons explained, the cases are linked by much more than just that basic legal relationship. The two cases are not merely parallel challenges to the application of a law, regulation, policy, or practice to different entities in different factual circumstances. Rather, the *Doe* plaintiffs and their members reside throughout the Plaintiff States, and the operation of the order against those individuals and others similarly situated is part of the basis for the State-level harms that Plaintiffs allege in this case. Pls.' Mem. of Law, ECF No. 5, at 15–20. The cases are thus factually intertwined, and allowing them to proceed as related will maximize judicial efficiency and avoid inconsistent directions to the same federal officers and agencies.

For all these reasons, the Court should maintain this action as related to *Doe v. Trump*, No. 1:25-cv-10135.

January 24, 2025

MATTHEW J. PLATKIN
   ATTORNEY GENERAL OF NEW JERSEY

Jeremy M. Feigenbaum\*
   *Solicitor General*
Shankar Duraiswamy\*
   *Deputy Solicitor General*
Viviana M. Hanley\*
Shefali Saxena\*
Elizabeth R. Walsh\*
   *Deputy Attorneys General*
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
(609) 376-3377
jeremy.feigenbaum@njoag.gov

*Counsel for the State of New Jersey*

ROB BONTA
   ATTORNEY GENERAL OF CALIFORNIA

Denise Levey\*
   *Deputy Attorney General*
Michael Newman
   *Senior Assistant Attorney General*
Marissa Malouff\*
Irina Trasovan\*
   *Supervising Deputy Attorneys General*
Lorraine López\*
Delbert Tran\*
Annabelle Wilmott\*
   *Deputy Attorneys General*
Office of the Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
(213) 269-6269
denise.levey@doj.ca.gov

*Counsel for the State of California*

Respectfully submitted.

ANDREA JOY CAMPBELL
   ATTORNEY GENERAL OF MASSACHUSETTS

/s/ *Gerard J. Cedrone*
Gerard J. Cedrone (BBO No. 699674)
   *Deputy State Solicitor*
Jared B. Cohen (BBO No. 689217)
   *Assistant Attorney General*
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2282
gerard.cedrone@mass.gov

*Counsel for the Commonwealth of*
   *Massachusetts*

PHIL WEISER
   ATTORNEY GENERAL OF COLORADO

Shannon Stevenson (*pro hac vice*)
   *Solicitor General*
Office of the Colorado Attorney General
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
shannon.stevenson@coag.gov

*Counsel for the State of Colorado*

WILLIAM M. TONG
  ATTORNEY GENERAL OF CONNECTICUT

William M. Tong*
  *Attorney General*
Janelle Rose Medeiros*
  *Assistant Attorney General*
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5020
janelle.medeiros@ct.gov

*Counsel for the State of Connecticut*

BRIAN L. SCHWALB
  ATTORNEY GENERAL
    FOR THE DISTRICT OF COLUMBIA

Nicole S. Hill*
  *Assistant Attorney General*
Public Advocacy Division
Office of the Attorney
  General for the District of Columbia
400 Sixth Street, N.W.
Washington, D.C. 20001
(202) 727-4171
nicole.hill@dc.gov

*Counsel for the District of Columbia*

AARON M. FREY
  ATTORNEY GENERAL OF MAINE

Sean D. Magenis (BBO No. 658578)
  *Assistant Attorney General*
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
(207) 626-8800
sean.d.magenis@maine.gov

*Counsel for the State of Maine*

KATHLEEN JENNINGS
  ATTORNEY GENERAL OF DELAWARE

Ian R. Liston[†]
  *Director of Impact Litigation*
Vanessa L. Kassab*
  *Deputy Attorney General*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Counsel for the State of Delaware*

ANNE E. LOPEZ
  ATTORNEY GENERAL OF HAWAIʻI

Kalikoʻonālani D. Fernandes*
  *Solicitor General*
425 Queen Street
Honolulu, Hawaiʻi 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

*Counsel for the State of Hawaiʻi*

ANTHONY G. BROWN
  ATTORNEY GENERAL OF MARYLAND

Adam D. Kirschner[†]
  *Senior Assistant Attorney General*
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
akirschner@oag.state.md.us
(410) 576-6424

*Counsel for the State of Maryland*

6

DANA NESSEL
   ATTORNEY GENERAL OF MICHIGAN

Toni L. Harris (*pro hac vice*)
Stephanie Service (*pro hac vice*)
Neil Giovanatti (*pro hac vice*)
   *Assistant Attorneys General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, Michigan 48909
(517) 335-7603
harrist19@michigan.gov

*Counsel for Attorney General Dana Nessel*
   *on behalf of the People of Michigan*

KEITH ELLISON
   ATTORNEY GENERAL OF MINNESOTA

John C. Keller*
   *Chief Deputy Attorney General*
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
651-757-1355
john.keller@ag.state.mn.us

*Counsel for the State of Minnesota*

AARON D. FORD
   ATTORNEY GENERAL OF NEVADA

Heidi Parry Stern†
   *Solicitor General*
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
(702) 486-5708
hstern@ag.nv.gov

*Counsel for the State of Nevada*

RAÚL TORREZ
   ATTORNEY GENERAL OF NEW MEXICO

James W. Grayson (*pro hac vice*)
   *Chief Deputy Attorney General*
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, NM 87501
(505) 218-0850
jgrayson@nmdoj.gov

*Counsel for the State of New Mexico*

LETITIA JAMES
   ATTORNEY GENERAL OF NEW YORK

Zoe Levine*
   *Special Counsel for Immigrant Justice*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
zoe.levine@ag.ny.gov
(212) 416-8329

*Counsel for the State of New York*

JEFF JACKSON
   ATTORNEY GENERAL OF NORTH CAROLINA

Daniel P. Mosteller (*pro hac vice*)
   *Associate Deputy Attorney General*
North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
(919) 716-6026
dmosteller@ncdoj.gov

*Counsel for State of North Carolina*

| | |
|---|---|
| PETER F. NERONHA<br>  ATTORNEY GENERAL OF RHODE ISLAND | CHARITY R. CLARK<br>  ATTORNEY GENERAL OF VERMONT |
| Katherine Connolly Sadeck (BBO No. 681501)<br>  *Solicitor General*<br>Leonard Giarrano IV (*pro hac vice*)<br>  *Special Assistant Attorney General*<br>Rhode Island Office of the Attorney General<br>150 South Main Street<br>Providence, RI  02903<br>(401) 274-4400, Ext. 2480<br>ksadeck@riag.ri.gov<br><br>*Counsel for the State of Rhode Island* | Julio A. Thompson\*<br>  *Co-Director, Civil Rights Unit*<br>109 State Street<br>Montpelier, VT 06509<br>(802) 828-5519<br>julio.thompson@vermont.gov<br><br>*Counsel for State of Vermont* |
| JOSHUA L. KAUL<br>  ATTORNEY GENERAL OF WISCONSIN | DAVID CHIU†<br>  CITY ATTORNEY, CITY AND COUNTY<br>  OF SAN FRANCISCO |
| Gabe Johnson-Karp\*<br>  *Assistant Attorney General*<br>Wisconsin Department of Justice<br>17 West Main Street<br>P.O. Box 7857<br>Madison, WI 53707-7857<br>(608) 267-8904<br>johnsonkarpg@doj.state.wi.us<br><br>*Counsel for the State of Wisconsin* | Yvonne R. Meré†<br>  *Chief Deputy City Attorney*<br>Sara J. Eisenberg†<br>  *Chief of Complex and Affirmative Litigation*<br>Mollie M. Lee†<br>  *Chief of Strategic Advocacy*<br>David S. Louk (*pro hac vice*)<br>Molly J. Alarcon (*pro hac vice*)<br>  *Deputy City Attorneys*<br>1390 Market Street, 6th Floor<br>San Francisco, CA 94102-5408<br>(415) 505-0844<br>david.louk@sfcityatty.org<br><br>*Counsel for City and County of San Francisco* |

\* admitted *pro hac vice*; notice of appearance forthcoming
† motion for admission *pro hac vice* forthcoming