# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

STATE OF NEW JERSEY;
COMMONWEALTH OF MASSACHUSETTS;
STATE OF CALIFORNA;
STATE OF CONNECTICUT;
STATE OF DELAWARE;
DISTRICT OF COLUMBIA;
STATE OF HAWAI'I;
STATE OF MAINE;
STATE OF MARYLAND;
ATTORNEY GENERAL DANA NESSEL
   FOR THE PEOPLE OF MICHIGAN;
STATE OF MINNESOTA;
STATE OF NEVADA;
STATE OF NEW MEXICO;
STATE OF NEW YORK;
STATE OF NORTH CAROLINA;
STATE OF RHODE ISLABND;
STATE OF VERMONT;
STATE OF WISCOMNSIN; and CITY &
COUNTY OF SAN FRAMNCISCO,

                              *Plaintiffs*, **No 1:25-cv-10139-LTS**

v.

DONMALD J. TRUMP,
  *In his official capacity as President of the United States;*
DEPARTMENT OF STATE;
MARCO RUBIO,
  *In his official capacity as Secretary of State;*
U.S. DEPARTMENT OF HOMELAND SECURITY;
BENJAMINE HUFFMAN,
  *In his official capacity as Acting Secretary of Homeland Security;*
U.S. DEPARTMENRT OF HEALTH AND
HUMAN SERVICES;
DOROTHY FINK,
  *In her official capacity as Acting Secretary of Health and*
  *Human Services;*
U.S. SOCIAL SECURITY ADMINMISTRATION.
MICHELLE KING,
  *In her official capacity as Acting Commissioner of*
  *U.S. Social Security Administration,* and
UNITED STATES OF AMERICA,

                                     *Defendants.*

## MOTION BY LEONARD W. HOUSTON FOR LIMITED INTERVENTION AS OF RIGHT, THE CONSTITUTIONAL CHALLENGE TO THE EXECUTIVE ORDER PURPORTING TO END BIRTHRITE CITIZENSHIP

Proposed Plaintiff-Interventor, Leonard W Houston, *pro-se*, request leave of this Court to for limited purpose of defending constitionality as of right for limited purpose of defending the against the Executive Order denying birthright citizenship as Plaintiff in the above-captioned action as a matter of right pursuant to Rule 24(a)(l) of the Federal Rules of Civil Procedure ("Fed.R.Civ. P.").

As the principle of birthright citizenship has been clearly established in the Constitutions pursuant to the Citizenship Clause of the Fourteenth Amendment, which states and confers citizenship on *inter alia*, "[a]ll persons born" in and "subject to the jurisdiction" of the United States thereof are citizens of the United Stares. U.S. Const. amend. XIV, §. 1

See *United States v. Wong Kim Ark*, 169 U.S. 649 at 675 (1898) *see also* James C, Ho. Defining *"American,"* "9 Green Bag 2d 359, 360,368 (2006)

## INTRODUCTION

This case as herein caption above poses constitutional questions, more specifically concerning the Fourteenth Amendment and the allocation of all public resources. As said named Proposed Interventor has a direct and substantial interest in the outcome of this litigation.

Furthermore, the above-named Plaintiffs in its "Complaint" and clearly interpretation of the entitled Fourteenth Amendment – the "Citizenship Clause" has established the constitutional principles, as a rebuttable to assertions that public resources from lawful residents and citizens, sets dangerous precedents and various implications.

Proposed Plaintiff-Inventor, *pro-se* request leave of this Court to join this entitled action, to ensure that these interests are adequately represented in this respect, as the party seeking to intervene bears the burden of showing that it has met all the requirements for intervention.

In addition to enshrining the principle of birthright citizenship, Section 1 of the Fourteenth amendment also prohibits each state from deny[ing] to any person within its jurisdiction the equal protection of the laws" U.S. Const. amend XIV § 1. The Supreme Court has clarified that any person deemed to be "within [the] jurisdiction" of a state for purposes of the Equal Protection Clause is necessarily "subject to the jurisdiction" of the United States for purposes of the Citizenship Clause, See Wong Kim Ark, 169 U.S. at 687 ("It is I,[possible. . . to hold that persons 'within the jurisdiction' of one of the States of the Union are not 'subject to the jurisdiction of the United States.'")

Furthermore, other Supreme Court decision have reiterated the understanding of the Fourteenth Amendment that persons born in the United States of noncitizen parents nonetheless attain citizenship at birth, *See e.g., Weedin v. Chin Bow*, 274 U.S. 657, 670 (1927).

Thus, assumption of birthright citizenship permeates federal regu8latory law as well, treating proof of birth in the United States as sufficient to establish United States citizenship:

> 1. The Social Security Administration assigns social security numbers upon proof of U.S. citizenship, which can established "by submitting a birth certificate or other evidence. . . that shows a U.S. place of birth. 20 C.F.R. § 422,107(d).

> 2. The Department of State issues passports to U.S. Citizens, a status that can be proved with evidence that the applicant was born in the United States. 22 C.F.R. § 51.42.

2

> 3. An employee can establish their authorization to work in the United States by proving "An original or certified copy of a birth certificate issued by State, county, municipal authority or outlying possession of the United States bearing an official seal." 8 C.F.R. § 274a.2( c) (3).

Thus, other provisions throughout the Code of Federal Regulations similarly provide that proof of birth in the United States is sufficient evidence to establish United States citizenship, *e.g.* 8 C.F.R. § 322.3(b)(iv) (proving that an United States citizen parent seeking to establish citizenship to a child not born in the united States can establish the parent's citizenship by proving the parent's birth certificate.); 20 C.F.R. § 416.1610(a).

It is this basis, the Proposed Intervenor as set forth, that Executive actions, including Executive Orders issued buy a President, can be challenged as *ultra vires* when they violate the Constitution and the laws of the United States. *See, e.g., Trump v. Kawaii*, 585 U.S. 667 (2018); also *Chamber of Commerce v. Reich*, 74 F.3d 1322, 1327-28 (D.C. Cir. 1996). As the Constitution guarantees that "[a]ll persons born or naturalized in the United States. , and subject to the jurisdiction thereof, are citizens of the United States."

Furthermore, said proposed intervenor seeks *inter alia*, a declaration that the Fourteenth Amendment and title 8 U.S.C. § 1401(a) protect the right to birthright citizenship and that the constitutional guarantee of birthright citizenship cannot be <u>eradicated</u> by Executor Order, as wells as a preliminary and permanent injunction prohibiting named Defendant from implementing the Executive Order to deny any child born in the United States the benefits of their constitutionally guaranteed birthright citizenship. *See also*, Executive Order 13952, *Protecting Vulnerable Newborn and Infant Children*, 85 Fed. Reg. 62187 (Sept. 25, 2020).

3

**LEGAL STANDARD**

The Federal Rule of Civil Procedure ("FRCP") 24, specifically provides for intervention of "right" and "permissive intervention":

> 1. **Rule 24(a)(2) – Intervention of Right:**
> Intervention must be granted when the intervenor "claims an Interest relating to property or transaction that is the subject of the action, and is so stated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."
>
> 2. **Rule 24(b) – Permissive Intervention:**
> A court may permit intervention when an intervenor "has a claim or defense that shares with the main action a common question of law or fact."

As Houston's entitled motion to intervene for a limited purpose based upon *inter alia*, the clearly unconstitional denial of birthright citizenship issued by the President Donal J. Trump's Executive Order, dated January 20, 2025, pursuant to the Citizenship Clause of the Fourteenth Amendment is appropriate in this case, the same as a matter of right under Fed. R. Civ. P. 24(a), and should be granted because the entitled motion is timely, and Leonard W. Houston, *pro-se*, upon information and belief, and hereby asserts he has a right under Rule 24(b)(l) (B) for permissive intervention, because this action of common questions of law or fact.

4

# ARGUMENT

## I. Proposed Intervenor satisfies the Criteria for Intervention of Right under Rule 24(a)(2) of the Federal Rules of Civil Procedure.

1. **Significant interest:** As a taxpayer and U.S. citizen, the Proposed Interventor, Leonard W. Houston has a direct interest in ensuring the proper interpretation of the Fourteenth Amendment with respect to public resources, as the named Defendants' claims seek to divert public funds and judicial resources from citizens and residents who do qualify for statutory protections under the Citizenship Clause of the Fourteenth Amendment.

2. **Impairment:** This Court ruling in favor of the named Plaintiffs would adversely impact Proposed Intervenor by the resources available for critical domestic priorities, as outlined, and improving services for residents. Further, that impairment of its substantial legal interest is possible if intervention is denied.

3, **Adequate Representation:** The existing named Defendants may share some interest with the Proposed Intervenor, they do <u>not</u> fully represent the public interest in preserving constitutional protections for United States citizens and lawful residents.

There is a strong likelihood that the captioned Plaintiffs will succeed on the merits of the claims that the Executive Order *(i.e.,* January 20, 2025) violates the Fourthteenth Amendment and Immigration and Nationality Act, *See Unted States v. Wong Kim Ark,* 169 U.S. 649-99) (1898).

As it is evident, and moreover, that the Plaintiff States (*i.e.,* "**New York**") will suffer immediate repercussions of the entitled "Order's" mandates as described in its enforcement Section 3(a)(b). Also, see, *State of Washington et al, v. Donald Trump, el al,* - "**Temporary Restraining Order**" issued by Hon. John C. Coughenor, USDJ, dated the 23rd of January 2025 (*i.e.,* Case No. C25-0127-JCC.). Attached as Exhibit in support of Plaintiff-Intervenor's entitled motion.

## II. Proposed Intervenor Qualifies for Permissive Limited Intervention

Alternatively, the Proposed Intervenor, Leonard W. Houston, should be permitted to limited intervene under Rule 24(b), as said proposed intervenor's claims are align with the core issues of the above-named captioned Plaintiffs, to wit:

> The Citizenship Clause [Pub.L.No. 82-414, §301,66 Stat.163,235] of the Fourteenth Amendment provides that [a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States." U.S. Const. Amend XIV, § 1 ("Citizenship Clause") and thus overturn the Supreme Court's infamous holding in *Dred Scott v. Sanford*, 60 U.S. (19 How) 393 (1857)

> That 8 U.S.C. § 1401(a) [Immigration and Nationality Act] provides that "a person born in the United States, and subject to the jurisdiction thereof, is a citizen of the Unted States. (*See also id* §§ 1402, 1406(b), 1407(b).

> The actions of Defendants that are required or permitted by the Executive Order as set forth therein (*i.e.*, **Exhibit A**) are contrary to constitutional right, power, privilege, or immunity, including rights protected by the Fourteenth Amendment to the U.S. Constitution, clearly in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(B).

> The actions of Defendants that are required or permitted by the Executive Order, as set forth above, violate Immigration and Nationality Act-8 U.S.C. § 1401 *et seq.* and are in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, in violation of the statute- Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(B).

The limited Intervention by the Proposed Intervenor. Leonard W. Houston, *pro-se* will not unduly delay or prejudice the adjudication of the above-named Plaintiffs' claims but will instead ensure a comprehensive resolution of the issues therein presented.

6

## CONCLUSION

For the foregoing reasons, Proposed Intervenor respectfully requests that this Court liberally construes his filing (see *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) and grant the entitled Motion to limited Intervention as of right under Fed. R. Civ. P. 24(a) and at the same time request this Court grant its limited motion for permissive intervention under Fed. r. civ. P.24(b)(l)(B) because *inter alia*, this action shares common questions of law or fact, as Plaintiff in this matter with respect to the President's Executive Order ("the Order"), issued on January 20, 2025, and styled/captioned, "**Protecting the Meaning and Value of American Citizenship**" (Citizenship Stripping Order) which is clearly contrary to the plain terms of the Fourteenth Amendment's Citizenship Clause and 8 U.S.C. § 1401 of the Immigration and Nationality Act. (See also, *United States v. Wong Kim Ark*, 169 U. S. 649-694-99 (1898), and given the fact, upon review of the aforesaid proposed intervenor's claims, and again the Executive Order issued on **January 20, 2025**, violates the Fourth Amendment.

Dated: **February 3, 2025**

Respectfully submitted,

_____
**LEONARD W. HOUSTON**, Pro-se
*Plaintiff*
148 Deer Court Drive, Bldg. 4
Middletown, NY 10940-6867
lenny.houston@yahoo.com
845-343-823

7

## CERTIFICATION OF COMPLIANCE WITH L.R. 7.1 (A)(2)

The undersigned certified that he contacted **Lead Counsel** represented all named Defendants captioned in the "**Complaint**" and of "**Record**" filed in this Court by mail dated January 27, 2025, to resolve or narrow the issues addressed in this motion, and that party has not assent to the motion to intervene. Attached copy of said notice.

**WHEREFORE**, the Plaintiff respectfully requests that it be granted leave to intervene,

*[signature]*

**LEONARD W. HOUSTON**, pro-se
*Plaintiff*
148 Deer Court Drive, Bldg. 4
Middletown, NY 10940-6867
845 343-8923
lenny.houston@yahoo.com