JS 44 (Rev. 10/20)    Case 1:25-cv-10139-LTS    Document 1-2    Filed 01/21/25    Page 1 of 8

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
State of New Jersey et al. (see attached)

**(b)** County of Residence of First Listed Plaintiff   n/a
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
(see attached)

### DEFENDANTS
Donald J. Trump et al. (see attached)

County of Residence of First Listed Defendant   Washington, D.C.
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
United States Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530, 202-514-2000

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1   U.S. Government Plaintiff
- [x] 2   U.S. Government Defendant
- [ ] 3   Federal Question (U.S. Government Not a Party)
- [ ] 4   Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** — [ ] 310 Airplane; [ ] 315 Airplane Product Liability; [ ] 320 Assault, Libel & Slander; [ ] 330 Federal Employers' Liability; [ ] 340 Marine; [ ] 345 Marine Product Liability; [ ] 350 Motor Vehicle; [ ] 355 Motor Vehicle Product Liability; [ ] 360 Other Personal Injury; [ ] 362 Personal Injury - Medical Malpractice | [ ] 625 Drug Related Seizure of Property 21 USC 881; [ ] 690 Other | [ ] 422 Appeal 28 USC 158; [ ] 423 Withdrawal 28 USC 157 | [ ] 375 False Claims Act |
| [ ] 120 Marine |  |  |  | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act |  |  |  | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument |  |  | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment |  |  | [ ] 820 Copyrights; [ ] 830 Patent; [ ] 835 Patent - Abbreviated New Drug Application; [ ] 840 Trademark; [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act |  |  |  | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | **PERSONAL INJURY** — [ ] 365 Personal Injury - Product Liability; [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability; [ ] 368 Asbestos Personal Injury Product Liability |  |  | [ ] 460 Deportation |
|  |  |  |  | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits |  |  |  | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits |  | **LABOR** |  | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | **PERSONAL PROPERTY** — [ ] 370 Other Fraud; [ ] 371 Truth in Lending; [ ] 380 Other Personal Property Damage; [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act; [ ] 720 Labor/Management Relations; [ ] 740 Railway Labor Act; [ ] 751 Family and Medical Leave Act; [ ] 790 Other Labor Litigation; [ ] 791 Employee Retirement Income Security Act | **SOCIAL SECURITY** — [ ] 861 HIA (1395ff); [ ] 862 Black Lung (923); [ ] 863 DIWC/DIWW (405(g)); [ ] 864 SSID Title XVI; [ ] 865 RSI (405(g)) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability |  |  |  | [ ] 850 Securities/Commodities/Exchange |
| [ ] 196 Franchise |  |  |  | [x] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** [ ] 463 Alien Detainee; [ ] 510 Motions to Vacate Sentence; [ ] 530 General; [ ] 535 Death Penalty |  | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting |  | **FEDERAL TAX SUITS** — [ ] 870 Taxes (U.S. Plaintiff or Defendant); [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment |  |  | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations |  |  | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | **Other:** [ ] 540 Mandamus & Other; [ ] 550 Civil Rights; [ ] 555 Prison Condition; [ ] 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION** — [ ] 462 Naturalization Application; [ ] 465 Other Immigration Actions |  |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other |  |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 448 Education |  |  |  |

### V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
U.S. Constitution amend. XIV; 8 U.S.C. §1401; 5 U.S.C. §706(2)

Brief description of cause:
Challenge to executive order in violation of constitutional and statutory guarantees

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [x] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE   Leo T. Sorokin .................................................... 1:25-cv-10135-LTS
        F. Dennis Saylor, IV ............................................. 1:25-cv-10136-FDS
DOCKET NUMBER

DATE   01/21/2025

SIGNATURE OF ATTORNEY OF RECORD   /s/ Gerard J. Cedrone

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

Query   Reports   Utilities   Help   Log Out

# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:25-cv-10139-LTS

State of New Jersey et al v. Trump et al
Assigned to: District Judge Leo T. Sorokin
related Case: 1:25-cv-10135-LTS
Cause: 28:1331 Fed. Question

Date Filed: 01/21/2025
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: U.S. Government Defendant

**Defendant**

**Donald J. Trump**
*in his official capacity as President of the United States*

represented by **Brad P. Rosenberg**
1100 L Street, NW
Washington, DC 20005
202-514-3374
Email: brad.rosenberg@usdoj.gov
*LEAD ATTORNEY*

# APPENDIX OF EXHIBIT

Filed with this entitled Motion is the following Exhibit submitted in support -

**"MOTION BY LEONRD W. HOUSTON FOR LIMITED INTERVENTION AS OF RIGHT, THE CONSTITUTIONAL CHALLENGE TO THE EXECUTIVE ORDER PURPORTING TO END BIRTHRIGHT CITIZENSHIP"**

| Exhibit | Title |
|---|---|
| A | PRESIDENTIAL ACTIONS<br>THE WHITE HOUSE<br><br>**PROTECTING THE MEANING AND VALUE OF AMERICAN CITIZENSHIP**<br><br>EXECUTIVE ORDER<br>January 20. 2025 |

COPY

PRESIDENTIAL ACTIONS

# PROTECTING THE MEANING AND VALUE OF AMERICAN CITIZENSHIP

Menu    THE WHITE HOUSE    Search

EXECUTIVE ORDER

January 20, 2025

By the authority vested in me as President by the Constitution and the laws of the United States of America, it is hereby ordered:

Section 1. Purpose. The privilege of United States citizenship is a priceless and profound gift. The Fourteenth Amendment states: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." That provision rightly repudiated the Supreme Court of the United States's shameful decision in *Dred Scott v. Sandford*, 60 U.S. (19 How.) 393 (1857), which

misinterpreted the Constitution as permanently excluding people of African descent from eligibility for United States citizenship solely based on their race. But the Fourteenth Amendment has never been interpreted to extend citizenship universally to everyone born within the United States. The Fourteenth Amendment has always excluded from birthright citizenship persons who were born in the United States but not "subject to the jurisdiction thereof." Consistent with this understanding, the Congress has further specified through legislation that "a person born in the United States, and subject to the jurisdiction thereof" is a national and citizen of the United States at birth, 8 U.S.C. 1401, generally mirroring the Fourteenth Amendment's text. Among the categories of individuals born in the United States and not subject to the jurisdiction thereof, the privilege of United States citizenship does not automatically extend to persons born in the United States: (1) when that person's mother was unlawfully present in the United States and the father was not a United States citizen or lawful permanent resident at the time of said person's birth, or (2) when that person's mother's presence in the United States at the time of said person's birth was lawful but temporary (such as, but not limited to, visiting the United States under the auspices of the Visa Waiver Program or visiting on a student, work, or tourist visa) and the father was not a United States citizen or lawful permanent resident at the time of said person's birth.

Sec. 2. Policy. (a) It is the policy of the United States that no department or agency of the United States government shall issue documents recognizing United States citizenship, or accept documents issued by State, local, or other governments or authorities purporting to recognize United States citizenship, to persons: (1) when that person's mother was unlawfully present in the United States and the person's father was not a United States citizen or lawful permanent resident at the time of said person's birth, or (2) when that person's mother's presence in the United States was lawful but temporary, and the

person's father was not a United States citizen or lawful permanent resident at the time of said person's birth.

(b) Subsection (a) of this section shall apply only to persons who are born within the United States after 30 days from the date of this order.

(c) Nothing in this order shall be construed to affect the entitlement of other individuals, including children of lawful permanent residents, to obtain documentation of their United States citizenship.

Sec. 3. Enforcement. (a) The Secretary of State, the Attorney General, the Secretary of Homeland Security, and the Commissioner of Social Security shall take all appropriate measures to ensure that the regulations and policies of their respective departments and agencies are consistent with this order, and that no officers, employees, or agents of their respective departments and agencies act, or forbear from acting, in any manner inconsistent with this order.

(b) The heads of all executive departments and agencies shall issue public guidance within 30 days of the date of this order regarding this order's implementation with respect to their operations and activities.

Sec. 4. Definitions. As used in this order:

(a) "Mother" means the immediate female biological progenitor.

(b) "Father" means the immediate male biological progenitor.

Sec. 5. General Provisions. (a) Nothing in this order shall be construed to impair or otherwise affect:

(i) the authority granted by law to an executive department or agency, or the head thereof; or

(ii) the functions of the Director of the Office of Management and Budget relating to budgetary, administrative, or legislative proposals.

(b) This order shall be implemented consistent with applicable law and subject to the availability of appropriations.

(c) This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against

the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

THE WHITE HOUSE,
    January 20, 2025.

THE WHITE HOUSE

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, *et al.*, | CASE NO. C25-0127-JCC |
| Plaintiffs, | TEMPORARY RESTRAINING ORDER |
| v. | |
| DONALD TRUMP, *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on the emergency Motion for a Temporary Restraining Order filed by the States of Washington, Arizona, Illinois, and Oregon (Plaintiff States) (Dkt. No. 10). The Plaintiff States challenge an Executive Order issued January 20, 2025, by President Trump, entitled "Protecting the Meaning and Value of American Citizenship." Having considered the motion, Defendants' response, if any, and the argument of the parties, if any, the Court GRANTS the Plaintiff States' emergency motion for a 14-day Temporary Restraining Order effective at 11:00 AM on January 23, 2025. The Court enters the following findings of fact and conclusions of law.

## II. FINDINGS OF FACTS

1. Plaintiff States face irreparable injury as a result of the signing and implementation of the Executive Order. The Order harms the Plaintiff States directly by forcing state agencies to

TEMPORARY RESTRAINING ORDER
C25-0127-JCC
PAGE - 1

lose federal funding and incur substantial costs to provide essential and legally required medical care and social services to resident children subject to the Order. Plaintiff States' residents are also irreparably harmed by depriving them of their constitutional right to citizenship and all the associated rights and benefits, including: subjecting them to risk of deportation and family separation; depriving them of access to federal funding for medical care and eligibility for basic public benefits that prevent child poverty and promote child health; and impacting their education, employment, and health.

2. These harms are immediate, ongoing, and significant, and cannot be remedied in the ordinary course of litigation.

3. A temporary restraining order against Defendants, as provided below, is necessary until the Court can consider Plaintiff States' forthcoming motion for a preliminary injunction.

### III. CONCLUSIONS OF LAW

1. The Court has jurisdiction over Defendants and the subject matter of this action.

2. Plaintiffs' efforts to contact Defendants reasonably and substantially complied with the requirements of Federal Rule of Civil Procedure 65(b) and Local Civil Rule 65(b).

3. The Court deems no security bond is required under Rule 65(c).

4. Plaintiffs have standing to bring this suit. Plaintiffs have made a sufficient showing of concrete and imminent economic injury. If Plaintiffs cannot treat birthright citizens as precisely that—citizens—then they will lose out on federal funds for which they are otherwise currently eligible. *Department of Commerce v. New York*, 588 U.S. 752, 767 (2019). That is a sufficiently concrete and imminent injury to satisfy Article III standing. *Id.* Plaintiffs also have standing to challenge the Order because of the new and ongoing operational costs they allege. *City and Cnty. of San Francisco v. United States Citizenship and Immigration Servs.*, 944 F.3d 773, 787–88 (9th Cir. 2019).

5. To obtain a temporary restraining order, the Plaintiff States must establish (1) they are likely to succeed on the merits; (2) irreparable harm is likely in the absence of preliminary

1  relief; (3) the balance of equities tips in the Plaintiffs' favor; and (4) an injunction is in the public
2  interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); Fed. R. Civ. P. 65(b)(1).
3        6.    There is a strong likelihood that Plaintiffs will succeed on the merits of their claims
4  that the Executive Order violates the Fourteenth Amendment and Immigration and Nationality
5  Act. *See United States v. Wong Kim Ark*, 169 U.S. 649, 694–99 (1898); *Regan v. King*, 49 F. Supp.
6  222, 223 (N.D. Cal. 1942), *aff'd*, 134 F.2d 413 (9th Cir. 1943), *cert denied*, 319 U.S. 753 (1943);
7  *see also Gee v. United States*, 49 F. 146, 148 (9th Cir. 1892).
8        7.    The Plaintiff States have also shown that they are likely to suffer irreparable harm
9  in the absence of preliminary relief. The Executive Order will directly impact Plaintiff States,
10 immediately increasing unrecoverable costs for providing essential medical care and social
11 services to States's residents and creating substantial administrative burdens for state agencies that
12 are forced to comply with the Order. (*See, e.g.*, Dkt. Nos. 14 at 12; 15 at 9; 25 at 5; 26 at 4, 6.)
13 Moreover, the Plaintiff States will suffer immediate repercussions of the Order's mandates as
14 described in its enforcement Section 3(a), (b).
15       8.    The balance of equities tips toward the Plaintiff States and the public interest
16 strongly weighs in favor of entering temporary relief.

### IV.    TEMPORARY RESTRAINING ORDER

Now, therefore, it is hereby ORDERED that:

1. Defendants and all their respective officers, agents, servants, employees and attorneys, and any person in active concert or participation with them who receive actual notice of this order are hereby fully enjoined from the following:

   a. Enforcing or implementing Section 2(a) of the Executive Order;

   b. Enforcing or implementing Section 3(a) of the Executive Order; or

   c. Enforcing or implementing Section 3(b) of the Executive Order.

2. This injunction remains in effect pending further orders from this Court.

Dated this 11th hour of this 23 day of January 2025.

/s/ John C. Coughenour
John C. Coughenour
UNITED STATES DISTRICT JUDGE

TEMPORARY RESTRAINING ORDER
C25-0127-JCC
PAGE - 4

## *PROPOSED* ORDER GRANTING
## MOTION TO INTERVENE

Proposed Plaintiff-Intervenor Leonard W. Houston, *pro-se*, request leave to limited Intervene as Plaintiff in the above-captioned action pursuant to Rule 24(a)(l) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") solely to seek denial of the Executive Order, dated January 209, 2025, from deny[ing] of birthright citizenship, pursuant to the Citizenship Clause of the Fourteenth Amendment of the Constitution as the entitled motion is timely, which the above-named Defendants of the filed Complaint has filed no opposition to this motion.

Accordingly, the Court **GRANTS** the motion to intervene as a matter of right pursuant to Fed. R. Civ. 24(a)(l).

**DATED this _____ day of February 2025.**

_____
LEO T. SOROKIN
**UNITED STATES DISTRICT JUDGE**



# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

LEONARD W. HOUSTON        *

                          *

v.                        *        Case No. 10139-LTS

DONANL J. TRUMP, et. al.  *

                          *

## CERTIFICATE OF SERVICE

I hereby certify that on February 5. 2025, a copy of Motion w/ Exhibits in support of Motion and the entitled "Executive Order," dated January 20, 2025 which was electronically filed in this case on February 5, 2025, was mailed via first class mail, postage prepaid, to Brad P. Rosenberg, and Robrt Charles Meritt, Attorneys for Defendant, Donald J. Trump, et al., Defendants. at the addressed numbered: 1100 L Street, NW, Washington, D.C. 20005

February 5, 2025
Date

Signature

**LEONARD W. HOUSTON**
Printed Name and Bar Number

148 Deer Court Drive, Bldg. 4, Middletown, NY 10940
Address

lenny,hoouston@yahoo.com
Email Address

(845) 343-8923
Telephone Number

Fax Number

CertificateofService (06/2016)