# EXHIBIT B

DEPOSITED BY THE
UNITED STATES OF AMERICA
JAN 17 '46

# TO REVISE AND CODIFY THE NATIONALITY LAWS OF THE UNITED STATES INTO A COMPREHENSIVE NATIONALITY CODE

## HEARINGS
BEFORE THE

## COMMITTEE ON IMMIGRATION AND NATURALIZATION
## HOUSE OF REPRESENTATIVES
SEVENTY-SIXTH CONGRESS
FIRST SESSION
ON

## H. R. 6127
SUPERSEDED BY
## H. R. 9980

A BILL TO REVISE AND CODIFY THE NATIONALITY
LAWS OF THE UNITED STATES INTO A COM-
PREHENSIVE NATIONALITY CODE

JANUARY 17, FEBRUARY 13, 20, 27, 28, MARCH 5, APRIL 11, 16, 23
MAY 2, 3, 7, 9, 13, 14, AND JUNE 5, 1940

Printed for the use of the
Committee on Immigration and Naturalization



UNITED STATES
GOVERNMENT PRINTING OFFICE
65495
WASHINGTON : 1945

Generated on 2025-01-28 02:02:45 GMT  /  https://hdl.handle.net/2027/mdp.39015019148942
Public Domain, Google-digitized  /  http://www.hathitrust.org/access_use#pd-google

Digitized by Google                    Original from
UNIVERSITY OF MICHIGAN

JK
1801
.19-10
A1

## COMMITTEE ON IMMIGRATION AND NATURALIZATION

SAMUEL DICKSTEIN, New York, *Chairman*

WILLIAM T. SCHULTE, Indiana
CHARLES KRAMER, California
JOHN LESINSKI, Michigan
CAROLINE O'DAY, New York
LEX GREEN, Florida
WILLIAM R. POAGE, Texas
DAN R. McGEHEE, Mississippi
A. LEONARD ALLEN, Louisiana
GEORGE M. GRANT, Alabama
JOHN L. McMILLAN, South Carolina
ANTON F. MACIEJEWSKI, Illinois
E. C. GATHINGS, Arkansas
DAVID J. WARD, Maryland

NOAH M. MASON, Illinois
EDWARD H. REES, Kansas
LEWIS K. ROCKEFELLER, New York
HENRY O. TALLE, Iowa
JAMES E. VAN ZANDT, Pennsylvania
CARL T. CURTIS, Nebraska
ALBERT E. AUSTIN, Connecticut

SAMUEL W. KING, Hawaii

J. H. KELLY, *Clerk*
SIDNEY SCHARLIN, *Assistant Clerk*

II

Generated on 2025-01-28 02:45 GMT  /  https://hdl.handle.net/2027/mdp.39015019148942
Public Domain, Google-digitized  /  http://www.hathitrust.org/access_use#pd-google

Digitized by Google     Original from UNIVERSITY OF MICHIGAN

# TO REVISE AND CODIFY THE NATIONALITY LAWS OF THE UNITED STATES INTO A COMPREHENSIVE NATIONALITY CODE

**WEDNESDAY, JANUARY 17, 1940**

House of Representatives,
Committee on Immigration and Naturalization,
*Washington, D. C.*

The Committee on Immigration and Naturalization met in the hearing room, Old House Office Building, at 10: 55 a. m., Hon. Samuel Dickstein (chairman of the committee) presiding.

The CHAIRMAN. The committee now has under consideration H. R. 6127, a bill to revise and codify the nationality laws of the United States into a comprehensive nationality code.

Without objection the bill will be made a part of the record and inserted at this point.

(The bill above referred to is as follows:)

[H. R. 6127, 76th Cong., 1st sess.]

A BILL To revise and codify the nationality laws of the United States into a comprehensive nationality code

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the nationality laws of the United States are revised and codified as follows:

## TITLE I

SECTION 1. This Act may be cited as the Nationality Act of 1939.

### CHAPTER I—DEFINITIONS

SEC. 101. For the purposes of this Act—

(a) The term "national" means a person owing permanent allegiance to a state.

(b) The term "national of the United States" means (1) a citizen of the United States, or (2) a person who, though not a citizen of the United States, owes permanent allegiance to the United States.

(c) The term "naturalization" means the conferring of nationality of a state upon a person after birth.

(d) The term "United States" when used in a geographical sense means the continental United States, Alaska, Hawaii, Puerto Rico, and the Virgin Islands of the United States.

(e) The term "outlying possessions" means all territory, other than as specified in subsection (d), over which the United States exercises rights of sovereignty.

(f) The term "parent" includes in the case of a posthumous child a deceased parent.

(g) The term "minor" means a person under twenty-one years of age.

SEC. 102. For the purposes of chapter III of this Act—

(a) The term "State" includes (except as used in subsection (a) of section 301), Alaska, Hawaii, the District of Columbia, Puerto Rico, and the Virgin Islands of the United States.

1

Generated on 2025-01-28 02:46 GMT / https://hdl.handle.net/2027/mdp.39015019148942
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google    Original from UNIVERSITY OF MICHIGAN

(b) The term "naturalization court," unless otherwise particularly described, means a court authorized by subsection (a) of section 301 to exercise naturalization jurisdiction.

(c) The term "clerk o fcourt" means a clerk of a naturalization court.

(d) The terms "Commissioner" and "Deputy Commissioner" mean the Commissioner of Immigration and Naturalization and a Deputy Commissioner of Immigration and Naturalization, respectively.

(e) The term "Secretary" means the Secretary of Labor.

(f) The term "Service" means the Immigration and Naturalization Service of the United States Department of Labor.

(g) The term "designated examiner" means an examiner or other officer of the Service designated under section 332 by the Commissioner.

(h) The term "child" includes a child legitimated under the law of the child's residence or domicile, whether in the United States or elsewhere; also a child adopted in the United States, provided such legitimation or adoption takes place before the child reaches the age of sixteen years and the child is in the legal custody of the legitimating or adopting parent or parents.

SEC. 103. For the purposes of subsections (a) and (b) of section 402 of this Act, the term "foreign state" includes outlying possessions of a foreign state, but does not include self-governing dominions or territory under mandate, which, for the purposes of these subsections, shall be regarded as separate states.

SEC. 104. For the purposes of section 201, 402, 403, 404, and 405 of this Act, the place of general abode shall be deemed the place of residence.

## CHAPTER II—NATIONALITY AT BIRTH

SEC. 201. The following shall be nationals and citizens of the United States at birth:

(a) A person born in the United States, and subject to the jurisdiction thereof;

(b) A person born in the United States to a member of an Indian, Eskimo, Aleutian, or other aboriginal tribe: *Provided*, That the granting of citizenship under this subsection shall not in any manner impair or otherwise affect the right of such person to tribal or other property;

(c) A person born outside of the United States and its outlying possessions of parents both of whom are citizens of the United States and one of whom has resided in the United States or one of its outlying possessions, prior to the birth of such person;

(d) A person born outside of the United States and its outlying possessions of parents one of whom is a citizen of the United States who resided in the United States or one of its outlying possessions prior to the birth of such person, and the other of whom is a national, but not a citizen of the United States;

(e) A person born in an outlying possession of the United States of parents one of whom is a citizen of the United States who resided in the United States or one of its outlying possessions prior to the birth of such person;

(f) A child of unknown parentage found in the United States, until shown not to have been born in the United States;

(g) A person born outside the United States and its outlying possessions of parents one of whom is a citizen of the United States who has had ten years' residence in the United States or one of its outlying possessions, the other being an alien: *Provided*, That, in order to retain such citizenship, the child must reside in the United States or its outlying possessions for a period or periods totaling five years between the ages of thirteen and twenty-one years, and must within six months after his twenty-first birthday take an oath of allegiance to the United States: *Provided further*, That if the child has not taken up a residence in the United States or its outlying possessions by the time he reaches the age of sixteen years, or if he resides abroad for such a time that it becomes impossible for him to complete the five years' residence in the United States or its outlying possessions before reaching the age of twenty-one years, his American citizenship shall thereupon cease.

The preceding provisos shall not apply to a child born abroad whose American parent is at the time of the child's birth residing abroad solely or principally to represent the Government of the United States or a bona fide American educational, scientific, philanthropic, religious, commercial, or financial organization, having its principal office or place of business in the United States, or an international agency of an official character in which the United States participates, for which he receives a substantial compensation;

Generated on 2025-01-28 02:47 GMT / https://hdl.handle.net/2027/mdp.39015019148942
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google    Original from
UNIVERSITY OF MICHIGAN

(h) The foregoing provisions of subsection (g) concerning retention of citizenship shall apply to a child born abroad subsequent to May 24, 1934.

SEC. 202. All persons born in Puerto Rico on or after April 11, 1899, subject to the jurisdiction of the United States, residing on the effective date of this Act in Puerto Rico or other territory over which the United States exercises rights of sovereignty and not citizens of the United States under any other Act, are hereby declared to be citizens of the United States.

SEC. 203. Unless otherwise provided in section 201, the following shall be nationals, but not citizens, of the United States at birth:

(a) A person born in an outlying possession of the United States of parents one of whom is a national, but not a citizen, of the United States;

(b) A person born outside the United States and its outlying possessions of parents both of whom are nationals, but not citizens, of the United States, and have resided in the United States or one of its outlying possessions prior to the birth of such person;

(c) A child of unknown parentage found in an outlying possession of the United States, until shown not to have been born in such outlying possession.

SEC. 204. The provisions of section 201, subsections (c), (d), (e), and (g), and section 203, subsections (a) and (b), hereof apply, as of the date of birth, to a child, born out of wedlock, provided the paternity is established during minority, by legitimation, or adjudication of a competent court.

In the absence of such legitimation or adjudication, the child, if the mother had the nationality of the United States at the time of the child's birth, and had previously resided in the United States or one of its outlying possessions, shall be held to have acquired at birth her nationality status.

## CHAPTER III—NATIONALITY THROUGH NATURALIZATION

### GENERAL PROVISIONS

#### JURISDICTION TO NATURALIZE

SEC. 301. (a) Exclusive jurisdiction to naturalize persons as citizens of the United States is hereby conferred upon the following specified courts: District Courts of the United States now existing, or which may hereafter be established by Congress in any State, District Courts of the United States for the Territories of Hawaii and Alaska, and for the District of Columbia and for Puerto Rico, and the District Court of the Virgin Islands of the United States; also all courts of record in any State or Territory now existing, or which may hereafter be created, having a seal, a clerk, and jurisdiction in actions at law or equity, or law and equity, in which the amount in controversy is unlimited. The jurisdiction of all the courts herein specified to naturalize persons shall extend only to such persons resident within the respective jurisdictions of such courts, except as otherwise specifically provided in this chapter.

(b) A person may petition for naturalization in any court within the State judicial district or State judicial circuit in which he resides, whether or not he resides within the county in which the petition for naturalization is filed.

(c) The courts herein specified, upon request of the clerks of such courts, shall be furnished from time to time by the Commissioner or a Deputy Commissioner with such blank forms as may be required in naturalization proceedings.

(d) A person may be admitted to become a citizen of the United States in the manner and under the conditions prescribed in this chapter, and not otherwise.

### SUBSTANTIVE PROVISIONS

#### ELIGIBILITY FOR NATURALIZATION

SEC. 302. The right of a person to become a naturalized citizen of the United States shall not be denied or abridged because of sex or because such person is married.

SEC. 303. The right to become a naturalized citizen under the provisions of this chapter shall extend only to white persons and persons of African nativity and persons of African descent, except that this section shall not apply to descendants of races indigenous to the Western Hemisphere, nor to native-born Filipinos hav-

ing we have thousands of persons living in foreign countries, usually in the foreign countries where they were born, or where their parents were born, having all their interests there, and their family connections, and yet they are citizens of the United States, and they may call on our Government for protection.

I refer not only to the naturalized citizens who have gone back to their native lands or gone to other countries—and there are many thousands of them—but to their children, born in those countries, who are alien in all their characteristics and connections and interests, yet have the right to enter the United States as citizens. We cannot keep them out; they are born citizens.

Another class is composed of those persons who are born in the United States of alien parents and are taken by their parents to the countries from which the parents came and of which they are nationals. That is a dual nationality.

Many of them are taken in early infancy. There are hundreds of thousands of those persons living around different parts of the world who happen to have been born here and acquire citizenship under the fourteenth amendment, but they are brought up in the countries of their parents and they are in no true sense American, and yet they may not only enter this country themselves as citizens, but may marry aliens in those countries and have children and those children are born citizens.

Mr. REES. Pardon me. Do I understand that a person born of alien parentage who goes abroad before he reaches the age of majority, lives in a foreign country for many, many years, marries a native of that country, can come to the United States and bring his family here?

Mr. FLOURNOY. Yes, sir.

Mr. REES. As a citizen of the United States?

Mr. FLOURNOY. Certainly. He can live all he pleases in his father's country, and if he does not take the oath of allegiance, if he avoids doing that, he remains a citizen of the United States.

Furthermore, if he marries a woman of that country he breeds citizens of the United States. In reality they are no more citizens, in character, than all the other inhabitants of that country.

There are not a few of these cases; there are hundreds of thousands of them.

Mr. REES. Is there anything in this measure before us to change that situation?

Mr. FLOURNOY. We have tried to do it. We have done something I think. We might have done more, probably, but we could not get complete agreement. We have gotten something, I think, better than what the law is now.

Mr. POAGE. Isn't that based on the constitutional provision that all persons born in the United States are citizens thereof?

Mr. FLOURNOY. Yes.

Mr. POAGE. In other words, it is not a matter we have any control over.

Mr. FLOURNOY. No; and no one wants to change that.

Mr. POAGE. No one wants to change that, of course.

Mr. FLOURNOY. We have control over citizens born abroad, and we also have control over the question of expatriation. We can provide

for expatriation. No one proposes to change the constitutional provisions.

Mr. REES. We cannot change the citizenship of a man who went abroad, who was born in the United States.

Mr. FLOURNOY. You can make certain acts of his result in a loss of citizenship.

Mr. REES. Surely, that way.

Mr. FLOURNOY. For instance, the act of 1907 has a provision that if he takes the oath of allegiance to a foreign state, he loses his citizenship.

Then we have a provision in the old act with regard to desertion from the Army, conviction of desertion, which results in loss of citizenship, although there again there is some question as to what the law meant. But we have construed it in the State Department to mean loss of citizenship. There is no proposal, as I say, to change the Constitution.

Mr. REES. No; of course not.

Mr. FLOURNOY. That would be absurd.

If you want me to, I think we will get along better with the various provisions if we take them up seriatim.

Mr. REES. I think that would be better.

Mr. FLOURNOY. I don't think it is necessary, unless you think so, Mr. Chairman, to go into these various provisions of chapter I which are definitions and are self-explanatory.

Mr. POAGE. Any of them you think you ought to discuss, do so, and if we want to ask you about any of the others when you get through, we can.

Mr. BUTLER. How about the specific changes? Do you care to have those discussed?

Mr. REES. I think if you can tell us just what changes have been made as you go along it would be well.

Mr. FLOURNOY. That begins with chapter II.

Mr. REES. Go ahead.

Mr. FLOURNOY. Chapter II is "Nationality at birth". Section 201 provides that the following shall be nationals and citizens of the United States at birth:

> (a) A person born in the United States and subject to the jurisdiction thereof.

That is taken of course from the fourteenth amendment to the Constitution.

> (b) A person born in the United States to a member of an Indian, Eskimo, Aleutian, or other aboriginal tribe: *Provided*, That the granting of citizenship under this subsection shall not in any manner impair or otherwise affect the right of such persons to tribal or other property.

It is probable the court held years ago that provisions of the fourteenth amendment did not apply to Indians living in their tribal relationship, but this does not give them citizenship.

Mr. REES. Tell us how this law is changed insofar as it affects the people of Alaska, Hawaii, and Puerto Rico.

Mr. FLOURNOY. Those people in Alaska and Hawaii are citizens of the United States under the law as it now exists. We have not changed that at all.

Mr. REES. And (b) is just with reference to Indians and Eskimos.

Mr. FLOURNOY. Yes, sir.

Generated on 2025-01-28 03:03:03 GMT  /  https://hdl.handle.net/2027/mdp.39015019148942
Public Domain, Google-digitized  /  http://www.hathitrust.org/access_use#pd-google

Digitized by Google    Original from UNIVERSITY OF MICHIGAN