January 28, 2025

The Honorable Leo T. Sorokin
United States District Judge
District of Massachusetts
Clerk's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210
samantha_dore@mad.uscourts.gov
flaviana_deoliveira@mad.uscourts.gov

Re: Citizens Objections

Dear Judge Sorokin:

I respectfully write to express my concerns regarding judicial actions that, in my view, challenge the constitutional authority of executive orders issued by a duly elected president of the United States, Donald J. Trump.

The Constitution grants the President authority under Article II to issue executive orders, ensuring the laws of the United States are faithfully executed. This power, reinforced by precedent, is vital to maintaining the separation of powers and the independence of the executive branch. Judicial interference with executive discretion may risk violating constitutional principles, including the Supremacy Clause and the separation of powers doctrine.

**Historical Context and Legislative Intent:**

The 14th Amendment, ratified in 1868, was crafted to address the injustices of slavery by granting citizenship to freed slaves and their descendants. The legislative intent at the time, as articulated by figures like Secretary of State William Seward, was to ensure equal citizenship for individuals previously subjected to systemic oppression.

However, subsequent interpretations of the 14th Amendment, have expanded its scope, often beyond the framers' intent. For instance, the decision in the United States v. Wong Kim Ark (1898) established the principle of jus soli (citizenship by birth) but left unresolved tensions regarding its application in broader contexts, such as immigration and national identity.

It is critical to revisit the legislative intentions and historical context of the Reconstruction Amendments. The debates and writings of that era clarify that the 14th Amendment was not intended to create universal birthright citizenship for all individuals born within U.S. borders but rather to address the specific plight of former slaves and their descendants.

**Constitutional Authority of the President:**

Under Article II, the President has the authority to issue executive orders to direct federal agencies under his administration. This authority has been upheld in cases such as Mississippi v. Johnson (1867), which affirmed that federal courts lack jurisdiction to enjoin the president from carrying out discretionary executive duties.

Additionally, the judiciary's role is limited to reviewing the constitutionality of executive actions—not to legislate or block such actions. The principle of judicial review, established in Marbury v. Madison (1803), does not permit inferior courts to override the President's constitutional prerogative arbitrarily.

**Concerns About Judicial Overreach:**

While judicial review serves as a necessary check on executive authority, subordinate courts must operate within their jurisdiction and respect the boundaries established by the Constitution. As reinforced in Youngstown Sheet & Tube Co. v. Sawyer (1952), the judiciary's role is to interpret the law, not to assume legislative or executive functions.

Your decisions in cases involving executive orders should reflect this balance, ensuring that judicial actions do not undermine the President's constitutional authority. Any attempts by inferior courts to block the implementation of executive orders should be subject to appellate review and ultimately resolved by the Supreme Court, the final arbiter of constitutional questions.

**Conclusion:**

The separation of powers is a cornerstone of our constitutional framework. While judicial oversight is essential, it must be exercised with respect for the autonomy of the executive branch. I urge this Court to consider the historical context of the 14th Amendment, the constitutional boundaries of executive authority, and the principles of judicial restraint in its decisions.

"Injustice Anywhere Is A Threat to Justice Everywhere". Dr. Martin Luther King Jr.

Thank you for your attention and consideration.

Sincerely,

Rubin Young, Pro Se
Friend of the Courts
commtrus@yahoo.com