UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STATE OF NEW JERSEY et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 25-10139-LTS |
| DONALD J. TRUMP et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION TO STAY PRELIMINARY
INJUNCTION PENDING APPEAL (DOC. NO. 157)

February 26, 2025

SOROKIN, J.

The defendants have appealed this Court's order preliminarily enjoining implementation of President Donald Trump's Executive Order redefining birthright citizenship in the United States. Doc. No. 154. They now seek an order staying the preliminary injunction until their appeal is resolved. Doc. Nos. 157, 158. The plaintiffs have opposed the defendants' motion in a thoughtful and persuasive memorandum. Doc. No. 160. Though the Court permitted the defendants an opportunity to reply, see Doc. No. 159 (setting deadline of February 25, 2025), they have not done so. For reasons the Court will briefly explain, the defendants' motion for a stay (Doc. No. 157) is DENIED.

The standard applicable to the defendants' request requires consideration of essentially the same four equitable factors that governed the plaintiffs' original motion. See Doc. No. 158 at 3 (describing standard); Doc. No. 160 at 3 (same). As the Court explained in detail in its recent Memorandum Decision, those factors favor the plaintiffs here. See generally Doc. No. 144. And,

as the Court also made clear, this was not a close case. The equitable scale did not tip ever so slightly in the plaintiffs' direction; the four factors favor the plaintiffs lopsidedly. That was so in the preliminary-injunction analysis, where the plaintiffs bore a high burden of persuasion and decisively satisfied it. If the defendants could not succeed in that context, then they certainly cannot prevail now. On the present motion, the burden shifts to the defendants to establish entitlement to the extraordinary relief they seek, and they have endeavored to meet it primarily by repastinating the same facts and legal theories the Court has already considered and rejected.

Challenges to the plaintiffs' standing, the nationwide scope of the injunction, and the evaluation of irreparable injury fail for reasons the Court has already explained and the plaintiffs ably address in their opposition memorandum. See Doc. No. 144 at 8-11, 13, 24-29; Doc. No. 160 at 4-15. The only new issue raised by the defendants concerns the scope of conduct enjoined by the prohibition on "implementation" of the Executive Order. See Doc. No. 158 at 7. The defendants did not address this nuance in their earlier papers, nor is it meaningfully developed in the single paragraph they devote to it now. Id. For example, the defendants have not identified what "internal steps" they wish to take, but are prevented from taking, by the plain terms of the injunction. Thus, the Court cannot evaluate whether such steps would or should be foreclosed and what harms may flow from their temporary prohibition. When asked at the preliminary-injunction hearing about this issue, the defendants' lawyer was "not able to answer questions about implementation." Doc. No. 142 at 61. On this issue, then, the motion to stay is denied both for failure to specify what changes the defendants propose making to the injunction and because, as the plaintiffs point out, the Executive Order itself contemplates "implementation" within a relatively brief, thirty-day period.

"To say more would be to paint the lily."  <u>Rodríguez v. Encompass Health Rehab. Hosp. of San Juan, Inc.</u>, 126 F.4th 773, 783 (1st Cir. 2025) (Selya, J.).  The defendants' motion for a stay (Doc. No. 157) is DENIED.

                                                         SO ORDERED.

                                       /s/ Leo T. Sorokin
                                       United States District Judge