

**State of New Jersey**

| | | |
|---|---|---|
| **PHILIP D. MURPHY**<br>*Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>OFFICE OF THE SOLICITOR GENERAL<br>PO BOX 080<br>TRENTON, NJ 08625 | **MATTHEW J. PLATKIN**<br>*Attorney General* |
| **TAHESHA L. WAY**<br>*Lt. Governor* | | **JEREMY M. FEIGENBAUM**<br>*Solicitor General* |

June 30, 2025

Hon. Leo T. Sorokin
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re:   *State of New Jersey et al. v. Trump et al.*, Case No. 1:25-cv-10139

Judge Sorokin:

We write to update this Court regarding the Supreme Court's decision in this case on Friday, and to propose next steps in this litigation.

Although the Court held that universal injunctions likely exceed the statutory authority of the federal courts because they are impermissibly designed to protect nonparties, the Court added that nationwide orders can be appropriate to "award[] complete relief" to the parties themselves. *See Trump v. CASA, Inc.*, Slip Op. 15-19. On that score, the Court recognized that the injunction that "the District Court for the District of Massachusetts" had already issued "does not purport to directly benefit nonparties"—and so did not run afoul of this principle—and instead reflected this Court's "deci[sion] that a universal injunction was necessary to provide the States *themselves* with complete relief." Slip Op. 17-18. The Court recognized the United States offered certain alternative forms of relief—never raised below—for remedying the States' injuries, but "decline[d] to take up these arguments in the first instance," leaving the debate to "[t]he lower courts." Slip Op. 19; *see also* Slip Op. 33-37 (Sotomayor, J., dissenting) (emphasizing that "the majority leaves open the possibility that the District Courts, in these cases, could have granted at least respondent States a nationwide injunction consistent with the notion of 'complete relief'"). The majority thus granted the Federal Government's application "only to the extent that the injunctions are broader than necessary to provide complete relief to each plaintiff with standing to sue."[1] Slip Op. 26.

---

[1] Because the Supreme Court did not reach the question whether the States have standing to sue, Slip Op. 2 n.2, it does not disturb this Court's and the First Circuit's prior findings that they do.



In light of the 30-day period the Supreme Court set before the Executive Order could take effect anywhere, the States propose an expeditious schedule to evaluate whether alternative forms of relief proposed by the United States would in fact completely remedy their injuries, or whether a nationwide order is warranted—as the States consistently maintained, and this Court previously found—to remedy their harms:

- 7/8: Deadline for United States to submit briefing and declarations on alternative forms of relief for remedying the States' injuries.

- 7/15: Deadline for the States to submit briefing and declarations in response.

- 7/17 or 7/18: Hearing and/or oral argument.

Counsel for the United States indicated that they oppose our proposal and will follow up in writing to the Court. The States would welcome a prompt conference with this Court.

    Respectfully yours,

    MATTHEW J. PLATKIN
    ATTORNEY GENERAL OF NEW JERSEY

By:   /s/ Viviana M. Hanley

    Viviana M. Hanley
    Deputy Attorney General

cc:
Anastasia Dubrovsky, Clerk
U.S. Court of Appeals, First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210